HENRY COLESBERRY (defendant below) *vs.* AARON STOOPS (plff. below.)

On judgment by default the justice ought to state that it was after hearing the proofs and allegations of tne plaintiff.

But if it appears from the record that he did so, it will be sufficient.

Covenant will lie before a justice in some cases.

CERTIORARI to John Wiley, Esq. a justice of the peace.

Record. Summons issued July 14th, 1834, returnable on Monday July 21st, 1834, before John Wiley, at his office in Newcastle. Demand $2 71, on the following account:

Doctor Henry Colesberry
                      to Aaron Stoops Dr.

1834, March 24.—To forty-one peach trees furnished according to your lease to me by J. Reeve, through Capt. James

| | |
|---|---|
| McCullough at six cents, | $2 46 |
| To cash paid Capt. J. McCullough for trouble, | 25 |
| As per the annexed bill and receipt," | $2 71 |

Then followed a bill of the trees from S. Reece to James McCullough, and a receipt from McCullough to Stoops for $2 71.

The summons was returned, "served personally, July 20th, 1834." "July 21, 1834. The deft. appeared and craves further time until Saturday, July 26, 1834, which is granted. Saturday July 26, 1834. The plff. appears and the deft. not appearing, I enter judgment for the plff. for two dollars and seventy-one cents, with costs of suit, &c."

Exceptions. First. Because it appears that the action is founded on a covenant in a lease; and being an action sounding in damages is *excluded from the jurisdiction of a justice of the peace.* Second.

Because the deft. below failing to appear pursuant to the adjournment of the cause, the justice gave judgment against the deft. in his absence *without hearing the allegations and proofs* of the plff.

*By the Court.* The act of assembly requires that before giving a judgment by default, the justice shall "hear the proofs and allegations of the plff." (*Dig*. 334, *sec.* 5;) and he ought so to state on the docket; but when it appears from the record that he did examine the case on the proofs and allegations, the court will sustain his judgment though he omit to state the facts on the record. He has sent up the cause of action in this case which itself exhibits proof of the payment by Stoops for peach trees for deft.'s farm. The statement indeed shows that the contract under which these trees were furnished, grew out of a lease, but it does not therefore necessarily follow that the justice had no jurisdiction. If the lease was not under seal, assumpsit might lie for money paid by Stoops to the use of Colesberry; and we think that even an action of covenant would lie in some cases before a justice of the peace under the first section of the act providing for the recovery of small debts; *Dig*. 330.

Judgment affirmed.

*Booth,* for defendant.